# Universal C. I. T. Credit Corp. v. Zimnicky

*David Yelen,* for plaintiff.

*Elizabeth P. Mensch,* for defendant.

APONICK, J., for the court en banc, July 13, 1955.— This is on a rule to open judgment entered on a confession contained in a bailment lease.

On December 30, 1952, defendant bought a 1946 Chevrolet from Motor Twins, Inc., for $745. He paid $10 down, plus a 1941 Chevrolet on which he was allowed $295. The balance he financed through plaintiff corporation. In addition to the $440, he was to pay $105 for insurance and $98.14 finance charges, or a total of $643.14, to be paid in 18 installments of $35.73.

According to the salesman, the car was in good condition but actually many defects showed up almost immediately. For one thing, within two weeks after defendant bought the car, it could not pass inspection because of faulty brakes. Defendant took the car back several times to the salesman who would not or could not do anything to remedy the situation except to try to sell defendant a newer car. When, therefore, the first payment became due on January 10, 1953, defendant refused to pay.

In the middle of February of 1953, plaintiff's collector, Black, called on defendant to find out why payment was not made. In the course of the conversation, defendant and Black agreed that the former should try once more to have the dealer make good, Black promising to return the following day. Defendant made the try but with the usual lack of success. On the day following, Black returned and told defendant and his wife that he would either have to have the payment or the car and that if he gave up the car the deal would be closed, i.e., the car would be taken in full payment of the balance due. Defendant gave up the car and heard nothing from plaintiff until nine months later when its attorney wrote him demanding an additional $265.92, an alleged deficiency. In due course, plaintiff entered the judgment confessed on the back of the lease and immediately issued execution. The petition and instant rule followed. Plaintiff's answer denies that it ever agreed to take the car in full satisfaction of the balance due.

From the depositions, it appears that Black did give defendant to understand that if he surrendered the car nothing more would be due. Not only did defendant so testify, but he is corroborated by his wife and by the circumstances; he was willing to forego his down payment and lose the value of his trade-in to be rid of the transaction. He was employed at the time and could have kept up his payments so that he did

have a choice of action. On the other hand, plaintiff has not denied that Black made such an arrangement. Black is no longer with the company and has not been produced. Rather, plaintiff relies on the sanctity of the written agreement and on Black's alleged lack of authority to bind the company.

As to the sanctity of the writing, we see no contradiction to the terms of the lease in the parol agreement. In effect, all the parties did was to agree that the car was to be taken in full payment of the balance due. To that extent, it was thoroughly consistent with the lease, the whole purpose of which was to get payment.

The question of Black's authority presents a greater difficulty. The company's present local manager, who was not here when Black took the car back, testified that no collector has the authority to make such a contract as Black made. But this does not dispose of the matter; plaintiff undeniably clothed Black with authority to collect payments and to repossess cars. To the customer, Black represented the company and had all the authority necessary to receive the money or the car. Plaintiff most certainly clothed him with the apparent authority to make whatever arrangement necessary to induce the customer to part with his car and plaintiff ought not now be allowed to deny it. See Grasselli Chemical Company v. Biddle Purchasing Company, 22 Pa. Superior Ct. 426 at 429.

An application to open judgment is an appeal to our equitable power. Certainly the facts in this application justify an exercise of that power here. Defendant has already lost $305 in using the car six weeks; plaintiff now wants him to pay an additional $265.92, plus interest, plus attorney's commission, plus costs. Justice and equity demand we grant the relief sought.

Accordingly, rule to open judgment made absolute.